# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travonte Tate, #337639, | C/A No.: 1:19-3163-BHH-SVH |
| Plaintiff, | |
| vs. | |
| Lieutenant Lester Baker, Officer B. Baskins, Officer Tomahsen, Officer Williamson, and Dr. Bryan, | ORDER |
| Defendants. | |

Travonte Tate ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against the above-named defendants, alleging violations of his civil rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), all pretrial proceedings have been referred to the undersigned. For the following reasons, the undersigned orders the severance of pleadings as to Officer Tomahsen ("Tomahsen"), Officer Williamson ("Williamson"), and Dr. Bryan ("Bryan") and dismisses them from this action.

I.  Factual and Procedural Background

Plaintiff is a state prisoner currently incarcerated at Lieber Correctional Institution. [ECF No. 1 at 2]. Plaintiff was previously incarcerated at Kershaw Correctional Institution and Allendale Correctional Institution. *Id.* at 7. He brings this action against Lieutenant Lester Baker ("Baker"), Officer B.

Baskins ("Baskins"), Tomahsen, Williamson, and Bryan, in their individual and official capacities. *Id.* at 3–5.

Plaintiff alleges on or about January 25, 2019, while he was incarcerated at Kershaw Correctional Institution, Baker and Baskins slammed his head to the ground, choked him, punched him, and kicked him in the mouth. *Id.* at 8. He claims he was wearing iron leg shackles and a belly chain at the time of the incident. *Id.* He maintains he suffered a dislocated jaw, a broken tooth, a black eye, and a busted lip and experienced mental anguish following the incident. *Id.* He argues Baker and Baskins used excessive force against him in violation of the Eighth Amendment. *Id.* at 6, 8.

Plaintiff alleges on or about October 4, 2019, while he was incarcerated at Allendale Correctional Institution, Tomahsen and Williamson fled the A wing of the Barnwell dormitory, leaving the unit without security and permitting another inmate to stab him multiple times. *Id.* at 8–9. He claims he suffered multiple stab wounds and experienced fear, anxiety, trauma, depression, chest pain, loss of sleep, distress, and mental anguish as a result of their actions. *Id.* at 9. He maintains Tomahsen and Williamson breached a duty to protect him in violation of the Eighth Amendment. *Id.* at 6, 8.

Plaintiff further alleges following the October 4, 2019 stabbing, Bryan denied or delayed his medical treatment. *Id.* at 9. He claims a correctional officer cleaned and glued his wounds in Bryan's absence. *Id.* He maintains he

experienced numbness in his arm, muscle pain, loss of sleep, and mental anguish as a result of Bryan's actions. *Id.* He argues Bryan showed deliberate indifference to his serious medical needs in violation of the Eighth Amendment. *Id.* at 6, 9.

II. Discussion

"On motion or on its own, the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed. R. Civ. P. 21. "[A] court has virtually unfettered discretion in determining whether or not severance is appropriate." *17th St. Assocs., LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 604 n.9 (E.D. Va. 2005).

Pursuant to Fed. R. Civ. P. 20(a)(2), "[p]ersons . . . may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Plaintiff pleads allegations as to an incident involving Baker and Baskins that is entirely unrelated to the series of incidents involving Tomahsen, Williamson, and Bryan. *See* ECF No. 1 at 8–9. Although Plaintiff alleges all defendants violated his rights under the Eighth Amendment, he alleges Baker and Baskins used excessive force, Tomahsen and Williamson breached a duty to protect him, and Bryan showed deliberate indifference to his serious medical

3

needs. *Id.* at 8–9. Thus, Plaintiff has not asserted any question of law or fact will arise in the action that is common to all defendants.

The following factors are relevant to determining whether severance is appropriate:

> (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require different witnesses and different documentary proof; (3) whether the party opposing severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if the claims are not severed.

*Grayson Consulting, Inc. v. Cathcart*, C/A No. 2:07-2992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014), citing *Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007).

All four factors suggest severance is appropriate in this matter. As to the first factor, Plaintiff's allegations with respect to Baker and Baskins differ significantly in fact and law from those regarding Tomahsen, Williamson, and Bryan. As to the second factor, the witnesses and documentary proof needed to support Plaintiff's allegations against Baker and Baskins will differ from the witnesses and documentary proof needed to support his allegations against Tomahsen, Williamson, and Bryan. Although the third and fourth factors are not directly implicated, as neither party has opposed or requested severance, it does not appear Plaintiff or any defendant will be prejudiced if the claims are severed.

Accordingly, the undersigned orders the allegations against Tomahsen, Williamson, and Bryan, which are unrelated to Plaintiff's claim of excessive force against Baker and Baskins, be severed from the instant action. Thus, only the claims against Baker and Baskins may proceed in this action and claims against Tomahsen, Williamson, and Bryan shall proceed in a separate action.

III. Conclusion

For the foregoing reasons, the undersigned directs the Clerk of Court to sever all allegations in the complaint not related to defendants Baker and Baskins and dismiss Tomahsen, Williamson, and Bryan as defendants from this action. Accordingly, the Clerk of Court shall redact names and all allegations pertaining to Tomahsen, Williamson, and Bryan from the complaint in this action (ECF No. 1) and replace the complaint. The undersigned further directs the Clerk of Court to open a separate case with a new civil action number ("severed case") on Plaintiff's behalf, pursuant to the normal prisoner statewide rotation and according to the following instructions: The defendants in the severed case will be "Officer Tomahsen," "Officer Williamson," and "Dr. Bryan." The Clerk of Court shall redact all allegations as to Baker and Baskins from the complaint in the severed case and docket it as the complaint in the severed case. The Clerk of Court shall file a copy of Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) in the

severed case. Upon completion of these actions, the Clerk of Court shall alert the undersigned that this case and the severed case are ready for review to determine whether they are in proper form for service.

    IT IS SO ORDERED.

December 4, 2019                                 Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge